NELLIE A. SHERMAN, *Appellee*, v. ERNEST F. HAVENS, *et al.*, *Appellants*.

No. 17,307.

HEADNOTE BY THE REPORTER.

LIMITATION OF ACTIONS—*Fraud—Absence from State.* Where a defendant at the time of the discovery of fraud is outside of the state and subsequently comes into this state, an action for the fraud is not barred as to him until he has been personally present in this state for two years.

Appeal from Leavenworth district court. Opinion filed December 9, 1911. Affirmed.

*Floyd E. Harper,* for the appellants.
*Benjamin F. Endres,* for the appellee.

*Per Curiam:* On November 20, 1907, Nellie A. Sherman filed a petition in the district court of Leavenworth county against Ernest F. Havens and Arthur B. Havens, asking a money judgment on the ground of fraud, which was alleged to have been discovered January 17, 1906. A summons was at once issued to the sheriff of that county, who made a return showing that he had served Ernest F. Havens and was unable to find the other defendant. An alias summons was issued to the same sheriff May 15, 1908, and a return was made on that day showing personal service upon Arthur B. Havens. Each defendant filed a demurrer to the petition, which was overruled. They filed a joint answer, and upon trial a judgment was rendered against both. They appeal, and ask a reversal on the ground that as to Arthur B. Havens the two-year statute of limitations had barred a recovery before the action was begun.

At the time the petition was filed the two years from the date of the discovery of the fraud had not expired, and there was no occasion for inserting therein any allegation as to the suspension of the statute of limitations as to either defendant. Whether under these circumstances a demurrer by defendant Arthur B. Havens could raise the question as to the operation of the statute need not be determined, because it is a fair inference from so much of the record as is presented by the abstracts that when the demurrer was argued before the trial court no such question was suggested. Moreover, there was evidence justifying a finding that in fact the statute had not run as to the defendant last served, and therefore it was not material whether the ruling on the demurrer was technically correct.

The plaintiff testified that when she began negotiations with Arthur B. Havens he lived in Kansas City, Mo., and that when she discovered that a fraud had been practiced upon her he still had an office there. He relies upon his own testimony, given April 28, 1909, that he had resided in Kansas City, Kan., for two and a half years, which would be since October 28, 1906. To have been strictly in point his testimony should have had relation to his personal presence in the state, rather than to his residence therein, especially in view of the reference to the location of his office. But assuming that in saying that he had been a resident of Kansas ever since October 28, 1906, he meant that he had been continually in the state after that time, his evidence still fails to establish his defense. The cause of action is deemed to have accrued against him January 17, 1906, but as he appears then to have been in Missouri the statute of limitations did not begin to run as to him until his removal to Kansas, October 28, 1906. Before two years from that date had expired he was served with summons.

The judgment is affirmed.